<table>
<tr><td>

DISTRICT COURT, COUNTY OF WELD,<br>
STATE OF COLORADO.<br>
901 9th Avenue<br>
P.O. Box 2038<br>
Greeley, CO 80632<br>
(970) 475-2400

</td><td>

▲ COURT USE ONLY ▲

</td></tr>
<tr><td>

Plaintiff:<br>
**GRANTLAND DEINES**<br>
<br>
v.<br>
<br>
Defendants:<br>
**ATLAS ENERGY SERVICES, LLC and**<br>
**ANADARKO PETROLEUM CORPORATION**

</td><td></td></tr>
<tr><td>

Brian Hugen, Esq., #40688<br>
RAMOS LAW<br>
10190 Bannock St., Ste. 200<br>
Northglenn, CO 80260<br>
Phone: (303) 733-6353<br>
Fax: (303) 865-5666<br>
E-mail: brianh@ramoslaw.com<br>
Attorneys for Plaintiff

</td><td>

Case No.: 2018cv000059<br>
<br>
Division: 4<br>
<br>
Honorable Todd L. Taylor,<br>
Judge

</td></tr>
<tr><td colspan="2" align="center">

**SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

</td></tr>
</table>

Plaintiff Grantland Deines (hereinafter "Plaintiff"), by and through his attorneys, Ramos Law, submits the following Second Amended Complaint against the Defendants Atlas Energy Services, LLC and Anadarko Petroleum Corporation, and alleges and avers as follows:

**WRITTEN CONSENT OF ALL ADVERSE PARTIES TO AMEND COMPLAINT**

C.R.C.P. 15(a) provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within 21 days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." All adverse parties have provided written consent to the filing of the Plaintiff's Second Amended Complaint. Therefore, the Plaintiff respectfully requests that the Court accept this Second Amended Complaint as filed.

**EXHIBIT A**

In addition, after further discovery, all parties have agreed to dismiss Consolidated Divisions, Inc., d/b/a CDI Environmental Contractor and Mario Fernandez-Tapia as defendants with prejudice.

## PARTIES

1.      Plaintiff GRANTLAND DEINES resides at 215 W. Lincoln Avenue, Apartment M, Bennett, CO 80102.

2.      Defendant ANADARKO PETROLEUM CORPORATION ("Defendant ANADARKO") is a foreign corporation (Delaware) with its principal place of business located at 1201 Lake Robbins Drive, The Woodlands, Texas 77380, is licensed to do business in the State of Colorado, conducts substantial and continuous business activities in the State of Colorado, and which may be served with process by and through its registered agent:  The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112-1268.

3.      Defendant ATLAS ENERGY SERVICES, LLC ("Defendant ATLAS") is a Colorado limited liability company with its principal place of business located at 23691 Highway 263, Greeley, CO 80631, and which may be served by and through its registered agent: Stewart McNab, 1888 Sherman Street, Suite 400, Denver, Colorado 80203.

4.      The motor vehicle collision described herein occurred on I-76, approximately 475 feet east of Milepost 31 in Weld County, Colorado.

5.      Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because motor vehicle collision occurred in Weld County and Weld County District Court is a proper venue and jurisdiction.

## GENERAL ALLEGATIONS

6.      The Plaintiff incorporates paragraphs 1 through 5 as if fully stated herein.

7.      In the early afternoon to evening hours of December 4, 2017, a semi-tanker truck owned and operated by Defendant ATLAS left an oil drilling job site operated by Defendant ANADARKO and began performing dust control on the county roads from the well site towards Colorado Highway 52.  The ATLAS driver withdrew fluids from the tank on the ANADARKO well site which was marked as containing water only. The driver of the Defendant ATLAS semi-tanker truck was performing dust control and failed to properly close his valve, and water mixed with fluids containing hydrocarbons spilled on to southbound Colorado Highway 52 to eastbound Interstate 76 to northbound Weld County Road 49, up Weld County Road 34 and entered the Guttersen Ranch in Weld County, Colorado.

8.      The leaking fluids from the ATLAS truck caused all affected road surfaces to become dangerously slippery.

2

**EXHIBIT A**

9.     The spill was reported to the Hudson Marshal's Office at 6:17 p.m.

10.    The Hudson Fire Department arrived on scene at between 6:20 and 6:22 p.m.

11.    At 6:25 p.m., the Colorado Department of Transportation was advised of the spill.

12.    First responders estimated that the tanker spilled between half and all of its load onto the roadway.

13.    At 6:25 p.m., the Hudson Fire Department determined that they needed to move traffic into the fast (left lane) of eastbound I-76.

14.    As a result, at 6:26 p.m., Deputy Marshal Zach Johnson (Hudson Marshal's Office) was advised that the Hudson Fire Department needed traffic control to move traffic from the right lane to the left lane of eastbound I-76.

15.    When he arrived on scene, Deputy Johnson and Hudson Fire Command decided to close the eastbound lanes of I-76 at mile marker 31 and divert all eastbound traffic onto Highway 52 at Exit 31.

16.    At 6:28 p.m., the Hudson Fire Department asked CDOT to bring "a lot of sand" and asked the Colorado State Police to send a trooper to assist with traffic control.

17.    At 6:42 p.m., Fire Command then asked Deputy Johnson to investigate the origin of the spill while the Fire Department assumed the task of directing traffic until CDOT state troopers arrived.

18.    Deputy Johnson followed the spill all the way back to Defendant ANADARKO's well site located off Weld CR10.

19.    While Deputy Johnson was investigating the source of the spill, Colorado State Police Trooper Corey Acosta was advised that a crash had occurred at 6:56 p.m. near the site of the spill.

20.    On December 4, 2017, at 6:56 p.m., Plaintiff was lawfully driving his 1998 Ford F-150 pickup truck eastbound in the right lane of Interstate Highway I-76 at or near mile marker 31, in Weld County, Colorado.

21.    As he attempted to slow down due to the sudden stoppage of traffic ahead, Plaintiff was unexpectedly and violently struck from behind by a 1995 Honda Civic being then owned and operated by Omar Campa-Borrego, forcing Plaintiff's vehicle into the rear of the vehicle in front of him operated by Shale S. McAfee.

22.    The force of the initial impact eventually killed a passenger in Omar Campa-Borrego's car (i.e., Jose I. Campa-Soto died from his injuries on December 12, 2017).

3

**EXHIBIT A**

23. The force of the initial impact, as well as a secondary impact with the vehicle in front of Plaintiff, paralyzed Plaintiff and caused Plaintiff such other serious injuries and significant damages as are described hereinunder.

24. A representative of Defendant ATLAS arrived at the scene of the crash at 8:08 p.m.

25. Insofar as he was aware of the origin of the load, Defendant ATLAS' representative then left the scene to make contact with Defendant ANADARKO's well site near the site of the crash.

26. The sudden stoppage of traffic on I-76 and the motor vehicle collision was a direct and proximate result of the road closure and from the spill of water and hydrocarbons on the highway by the Defendant ATLAS.

27. The water and hydrocarbons were drawn from a water tank at the Defendant ANADARKO well site on Weld County Road 10. The water tank was labeled as containing water only but in fact it contained water and a contaminant of hydrocarbons.

28. The Defendant ANADARKO failed to check the fluid put in its water tank for contaminants such as hydrocarbons and failed to check the fluid which was removed from the water tank by the Defendant ATLAS for contaminants such as hydrocarbons.

29. Plaintiff neither caused nor contributed to the collision made the basis of this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Negligence of Defendant ATLAS)

30. Plaintiff incorporates paragraphs 1 through 29 as if fully stated herein.

31. The collision made the basis of this suit and the resulting injuries and damages suffered by Plaintiff were proximately caused by the negligent conduct of Defendant ATLAS' truck driver -- whether serving as a company driver, an owner-operator, or in some other legal capacity to be determined -- in one or more of the following respects:

    (a)    in failing to inspect his vehicle;
    (b)    in failing to maintain his vehicle;
    (c)    in failing to ensure that the load was secured (i.e., tanks were completely sealed, contents were not spilling, and contents were not likely to spill during his operation of the tractor-trailer combination);
    (d)    in creating a hazardous condition in the roadway by spilling his load;
    (e)    in operating a commercial vehicle when he did not have the skill, training or experience to do so safely;
    (f)    in failing to verify that fluids obtained from the ANADARKO well site did not contain hydrocarbons which were spilled on to I-76 and the other roadways;
    (g)    in bringing in and failing to verify that fluids brought to the ANADARKO well

4

**EXHIBIT A**

site were supposed to contain water only but rather contained hydrocarbons and these same fluids were then withdrawn from the holding tank marked as water only and were spilled on to I-76 and the other roadways;

(h)    in failing to inspect and notice that when the valve was opened, it contained hydrocarbons from smell and visual inspection;

(i)    in operating a commercial vehicle when he was not qualified to do so;

(j)    in failing to follow the rules and regulations of the Federal Motor Carrier Safety Administration regarding the safe operation of a commercial vehicle, including but not limited to those respects described hereinabove and,;

(k)    in failing to follow the rules and regulations of the Code of Colorado Regulations, 2 CCR 404-1, Sections 210, 324, 906 and 907.

32.    Each of the above and foregoing acts and/or omissions of Defendant ATLAS' driver, taken singularly or in combination, constitutes legal negligence (i.e., under the common and/or statutory law of the State of Colorado), which common-law negligence and/or negligence *per se* were the foreseeable and proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

33.    As a direct and proximate result of the negligence of Defendant ATLAS' driver, and as a direct and proximate result of the motor vehicle collision and hazardous material spill on I-76 described prior, the Plaintiff sustained permanent injuries, damages and losses.  Plaintiff seeks damages against Defendant ATLAS' driver (and by and through his employer) for past and future health care treatment expenses, past and future mileage costs, past and future non-economic damages, past and future physical impairment damages, pre and post-judgment interest, costs and all other recovery allowed by law.

<strong><u>THIRD CLAIM FOR RELIEF</u></strong><br>
<strong>(Defendant ATLAS – Vicarious Liability)</strong>

34.    Plaintiff incorporates paragraphs 1 through 33 as if fully stated herein.

35.    At all relevant times to this action, Defendant ATLAS' driver was an employee, statutory driver and/or designated agent of Defendant ATLAS.

36.    At all relevant times to this action, Defendant ATLAS' driver was acting within the course and scope of his employment and/or agency with Defendant ATLAS.

37.    At the time of the collision, Defendant ATLAS' driver was being paid by Defendant ATLAS for his work.

38.    By virtue of Defendant ATLAS' driver being an employee and/or agent of Defendant ATLAS and because Defendant ATLAS' driver was acting within the course and scope of his employment and/or agency and authority at the time of the above-referenced collision, the acts and omissions of Defendant ATLAS' driver are deemed the acts and omissions of Defendant ATLAS pursuant to the doctrine of *Respondeat Superior*.

5

<strong>EXHIBIT A</strong>

**FOURTH CLAIM FOR RELIEF**
**(Defendant ATLAS – Negligent Entrustment)**

39.     Plaintiff incorporates paragraphs 1 through 38 as if fully stated herein.

40.     At the time and on the occasion in question, and immediately prior thereto, Defendant ATLAS was guilty of negligent entrustment in that it knew or should have known that its truck driver was a negligent and/or reckless and/or unlicensed driver.

**FIFTH CLAIM FOR RELIEF**
**(Defendant ATLAS – Negligent Hiring,**
**Training and/or Supervision)**

41.     Plaintiff incorporates paragraphs 1 through 40 as if fully stated herein.

42.     At the time and on the occasion in question, and immediately prior thereto, Defendant ATLAS was guilty of negligence in its hiring, training, supervision and/or retaining the truck driver in its employ, in that it knew, or in the exercise of reasonable care should have known, that the training, education and experience of its truck driver rendered the truck driver incompetent and/or unfit to act in such capacity.

**SIXTH CLAIM FOR RELIEF**
**(Defendant ATLAS – Negligent Inspection & Maintenance)**

43.     Plaintiff incorporates paragraphs 1 through 42 as if fully stated herein.

44.     At the time and on the occasion in question, and immediately prior thereto, Defendant ATLAS and its driver failed to properly inspect and maintain the tractor-trailer made the basis of this lawsuit.

**SEVENTH CLAIM FOR RELIEF**
**(Negligence of Defendant ANADARKO)**

45.     Plaintiff incorporates paragraphs 1 through 44 as if fully stated herein.

46.     At the time and on the occasion in question, and immediately prior thereto, Defendant ANDARKO, through its employees, agents and representatives, was negligent for the following:

(a)     Failing to have proper procedures pertaining to the receipt of water and the loading of water from its site for dust control to prevent hydrocarbons from going into its water storage tanks which may be used by tanker trucks for dust control;

6

**EXHIBIT A**

(b) Failing to have proper procedures to test and confirm that fluids added to and withdrawn from its water tanks do not contain hydrocarbons;

(c) Failing to instruct and direct its contractors to confirm that fluids added to and withdrawn from its water tanks do not contain hydrocarbons;

(d) Failing to inspect its water tanks for hydrocarbons before a contractor withdraws water for dust control;

(e) Failing to have proper procedures to prevent contractors and agents performing dust control from leaking fluids onto paved state highways and interstate highways;

(f) Failing to follow its own pollution and hazard control policies;

(g) Failing to exercise its "ultimate work authority" over all operations occurring on its jobsite; and

(h) Liability for its agent ATLAS and agents the drivers of ATLAS for their negligence.

47. As a sole, direct and proximate result of the negligence of the Defendants ANADARKO and ATLAS, and each of them, and as a sole, direct and proximate result of the motor vehicle collision and hazardous material spill described prior, the Plaintiff sustained very serious and permanent injuries, damages and losses. The Plaintiff seeks damages against the Defendants ANADARKO and ATLAS for past and future health care treatment expenses, past and future mileage costs, past and future income losses, past and future non-economic damages, past and future physical impairment damages, pre and post-judgment interest, costs, and all other recovery allowed by law.

WHEREFORE, the Plaintiff Grantland Deines requests that judgment be entered in his favor and against the Defendants ANADARKO and ATLAS, and each of them, in an amount to be determined at trial for all damages allowed, plus all costs allowed by law, pre- and post-judgment interest as permitted by law, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 12th day of October, 2021.

RAMOS LAW
*Original Signature on File at Ramos Law*

*/s Brian Hugen*

Brian Hugen, Esq. #40688
Attorneys for Plaintiff

Plaintiff's address:
215 W. Lincoln Avenue, Apartment M
Bennett, CO 80102

**EXHIBIT A**